UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CV-25901-ELFENBEIN

**CHARMAINE FLOYD**,

    Plaintiff,

v.

**MR. SEAN CARTER**,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court on *Pro Se* Plaintiff Charmaine Floyd's ("Plaintiff") Motion to Proceed *In Forma Pauperis* (the "IFP Motion"), ECF No. [3]. Because Plaintiff has not paid the Court's filing fee, the screening provisions of 28 U.S.C. § 1915(e) apply.[1] Under that statute, a court must dismiss the case if the court "at any time . . . determines that . . . the action or appeal . . . is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). After reviewing the pleadings, record, and relevant law, I recommend that the IFP Motion, **ECF No. [3]** be **GRANTED**; and that the Complaint, **ECF No. [1]**, be **DISMISSED**

---

[1] Though the plain language of the statute appears to make its provision applicable only to prisoners, "[t]he screening process under 28 U.S.C. § 1915 applies to non-prisoner pro se litigants who are proceeding in forma pauperis." *Fletcher v. President of Albert Einstein Med. Ctr.*, No. 15-24355-CIV, 2016 WL 11547296, at *1 (S.D. Fla. Feb. 10, 2016), *R. & R. approved*, No. 15-24355-CIV, 2016 WL 11547297 (S.D. Fla. Apr. 5, 2016); *see also Neitzke v. Williams*, 490 U.S. 319, 329 (1989) (noting "Congress' over-arching goal in enacting the *in forma pauperis* statute" was "to assure equality of consideration for all litigants" (quotation marks omitted)); *Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002) (finding no error in the district court's dismissal of a non-prisoner's complaint under § 1915(e)(2)(B)(ii)); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("Reasonable access to the courts is provided to indigent claimants by the *in forma pauperis* (IFP) statute, 28 U.S.C. sec. 1915 *et seq.,* which allows commencement of suits without payment of fees and court costs by a person who makes an affidavit that he is unable to pay the costs.").

**WITHOUT PREJUDICE** pursuant § 1915(e)(2)(B)(ii). In addition, upon the undersigned's review of Plaintiff's prolific history of *pro se* filings, the majority of which have been dismissed, the undersigned also recommends that Plaintiff be deemed a vexatious filer and that the District Court issue a limited injunction on future filings as further explained below.

**I.    FACTUAL BACKGROUND**

The Complaint, which is contained on the Court's "Complaint for a Civil Case" form, sues "Mr. Sean Carter" (the "Defendant") in the case caption and indicates that the basis for jurisdiction is a federal question. *See* ECF No. [1] at 1-2. In the section where Plaintiff must give the basis for federal question jurisdiction, Plaintiff wrote nothing. *See* ECF No. [1] at 3. The same holds true for the section where Plaintiff must identify any Defendant(s)[2], her statement of claim, or any relief she is seeking, other than a statement that says "suing United States fraud." *See* ECF No. [1] at 3-5. The only other information included on the form complaint is Plaintiff's contact information and her signature. *See* ECF No. [1] at 1, 5. No other information was provided about Plaintiff's claims.

**II.   LEGAL STANDARD**

    **a.  IFP Motions**

"[A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the

---

[2] Although there is some handwritten text next to the location where she must identify the Defendant, the handwriting is mostly illegible, and to the extent it is legible, it does not appear to provide any contact information for the Defendant identified in the case caption. *See* ECF No. [1] at 2.

person is entitled to redress." 28 U.S.C. § 1915.  The Eleventh Circuit has "observed that a trial court has wide discretion in denying an application to proceed IFP under 28 U.S.C. § 1915. This is especially true, the rubric goes, in civil cases for damages, wherein the courts should grant the privilege sparingly."  *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 (11th Cir. 2004) (citation omitted).  "When considering a motion filed pursuant to § 1915(a), the only determination to be made by the court is whether the statements in the affidavit satisfy the requirement of poverty."  *Id.* at 1307 (alterations adopted, quotation marks and footnote omitted).  "An affidavit addressing the statutory language should be accepted by the court, absent a serious misrepresentation, and need not show that the litigant is 'absolutely destitute' to qualify for indigent status under § 1915."  *Id.* (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 338–40 (1948)).

"Such an affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents."  *Id.* (footnote omitted).  "In other words, the statute is not to be construed such that potential litigants are forced to become public charges or abandon their claims because of the filing fee requirements."  *Id.*  "Where the IFP affidavit is sufficient on its face to demonstrate economic eligibility, the court should first docket the case and then proceed to the question of whether the asserted claim is frivolous."  *Id.* (alterations adopted).

    **b.  Pleading Requirements**

Section 1915(e)(2) requires the Court to dismiss Plaintiff's case if it "fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).  Failure to state a claim includes failure to comply with the Federal Rules of Civil Procedure.  *See Moon*, 863 F.2d at 837.  Every complaint, whether filed by a *pro se* party or an attorney, must comply with the Federal Rules of

Civil Procedure. *See id*. That means Plaintiff's Complaint must conform with Rule 8, which requires her to give a short and plain statement of her claims showing she is entitled to relief, *see* Fed. R. Civ. P. 8(a), and with Rule 10, which requires her to state those claims in a series of numbered paragraphs and to limit each paragraph to a single set of circumstances, *see* Fed. R. Civ. P. 10(b).

To state a claim for relief, a pleading "must contain" three substantive parts: (1) "a short and plain statement of the grounds for the court's jurisdiction," (2) "a short and plain statement of the claim showing that the pleader is entitled to relief," and (3) "a demand for the relief sought." *See* Fed. R. Civ. P. 8(a). Those substance requirements are aimed at ensuring that a complaint contains "sufficient factual matter, accepted as true," *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), to both "state a claim to relief that is plausible on its face" and "give the defendant fair notice of what the claim is and the grounds upon which it rests," *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007) (alteration adopted, quotation marks omitted). With that said, courts must still be mindful to "construe *pro se* pleadings liberally, holding them to a less stringent standard than those drafted by attorneys." *Arrington v. Green*, 757 F. App'x 796, 797 (11th Cir. 2018) (citation omitted).

### c. Vexatious Filers

A district court has the inherent authority "to protect itself against abuses by *pro se* litigants." *See Thomas v. Christina*, No. 22-CV-20498, 2022 WL 1100851, at *3 (S.D. Fla. Apr. 13, 2022) (citing *Procup v. Strickland*, 792 F.2d 1069, 1073-74 (11th Cir. 1986)); *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1295 n.15 (11th Cir. 2002)). "Indeed, [t]he court has a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." *Id*. "The right of access to the courts 'is neither absolute nor unconditional.'"

*Miller v. Donald*, 541 F. 3d 1091, 1096 (11th Cir. 2008) (quoting *Cofield v. Ala. Pub. Serv. Comm'n*, 936 F.2d 512, 516 (11th Cir. 1991)). "A vexatious litigant does not have a First Amendment right to abuse official processes with baseless filings in order to harass someone to the point of distraction or capitulation." *Riccard*, 307 F.3d at 1298 (citing *Filipas v. Lemons*, 835 F.3d 1145, 1146 (6th Cir. 1987)).

A court may, therefore, fashion a limited injunction against a vexatious litigant, but in doing so, it may not "completely foreclose a litigant from any access to the courts." *Id.* (collecting cases). However, "[t]he traditional standards applicable to issuance of an injunction do not apply to the issuance of an injunction against a vexatious litigant." *Lustig v. Stone*, No. 15-CV-20150, 2020 WL 3469719, at *10 (S.D. Fla. June 25, 2020) (citing *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1100-01 (11th Cir. 2004)). Rather, "[a] history of litigation entailing 'vexation, harassment and needless burden on the courts and their supporting personnel' is enough" for the entry of a limited injunction. *Id.* (quoting *Ray v. Lowder*, No. 02-CV-316-OC-10GRJ, 2003 WL 22384806, at *2 (M.D. Fla. Aug. 29, 2003)). And when entering such an injunction, courts have routinely "restrict[ed] a vexatious litigant from filing anything without prior approval from the Court." *Lustig*, 2020 WL 3469719 at *22. This particular sanction "has been previously imposed on vexatious litigants in this district." *Thomas*, 2022 WL 1100851 at *3 (citing *SEC v. Imperato*, No. 12-CV-80021-RNS, 2020 WL 5264515, at *1 (S.D. Fla. June 30, 2020); *Ruha v. City of Palm Beach Gardens et al.*, No. 19-CV-80681, ECF No. [93] (S.D. Fla. July 1, 2020), *Aiken v. Crews, et al.*, No. 14-CV-62487, ECF No. [6] (S.D. Fla. Feb. 20, 2015)).

### III. DISCUSSION

#### a. The IFP Motion, ECF No. [3]

Evaluating a non-prisoner complaint when the plaintiff has filed a motion to proceed IFP

instead of paying the filing fee is a two-step process. First, the Court must determine whether the statements in the IFP affidavit facially satisfy the requirement of poverty and demonstrate economic eligibility. *See Martinez*, 364 F.3d at 1307. Second, for those plaintiffs who satisfy the first step, the Court must screen the complaint to ensure that it is not frivolous or malicious, does not fail to state a claim, and does not seek monetary relief against a defendant who is immune. *See* 28 U.S.C. § 1915(e)(2). If the complaint fails to satisfy any one of these prongs, it is subject to dismissal. *Id.*

Plaintiff has satisfied the first step here. Based on her IFP affidavit averring she is "unable to pay the costs of these proceedings" and the financial information contained within the affidavit, the Court finds that, because of her poverty, she is unable to pay for the court fees and costs. *See Martinez*, 364 F.3d at 1307. Accordingly, the IFP Motion, **ECF No. [3]**, should be **GRANTED**.

Moving to the second step, the Court must decide if the Complaint is "frivolous or malicious"; "fails to state a claim on which relief may be granted"; or "seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2). Because the Complaint fails to state a claim for relief, the Court need not analyze the other prongs, as the Complaint is due to be dismissed on this basis alone.

Although Plaintiff alleges in her Complaint that the Court has federal question jurisdiction by checking that box on the standard complaint form, *see* ECF No. [1] at 3, the Complaint does not identify the specific basis for federal question jurisdiction as no statutory grounds are identified. But even liberally construed, the Complaint also fails to include a short and plain statement of a claim showing Plaintiff is entitled to relief, *see* generally ECF No. [1]; Fed. R. Civ. P. 8(a)(2), and fails to include "a demand for the relief sought," *see generally* ECF No. [1]; Fed. R. Civ. P. 8(a)(3). As noted, the Complaint is devoid of any allegations against the Defendant.

*See generally* ECF No. [1]. It does not explain the legal theory under which Plaintiff seeks relief, much less any facts supporting that legal theory.

Every complaint, whether filed by a *pro se* party or an attorney, must comply with the Federal Rules of Civil Procedure. *See Moon*, 863 F.2d at 837. Because the Complaint fails to comply with Rule 8 even under a broad reading, *see* Fed. R. Civ. P. 8(a), and because the Court cannot rewrite the Complaint to save it, *see Cordero*, 7 F.4th at 1068 n.11, it is due to be dismissed under § 1915(e)(2)(ii) for failing to state a claim.

### b.  Plaintiff's History as a Vexatious Filer

In the last seven months, Plaintiff has become a prolific filer in the Southern District of Florida. By the undersigned's count, Plaintiff has filed 25 cases since May of this year. Of those 25 cases, 12 of them have been dismissed and closed while seven of them, including this one, were filed this month alone. But most of these cases have a common theme — Plaintiff sues a defendant asserting federal question jurisdiction but provides no information about the nature of the claim or any allegations to support her claim.

Starting on May 9, 2025, Plaintiff filed a lawsuit alleging federal question jurisdiction against Sylvia Schwarzenegger, attaching a handwritten document to the Complaint. *See* Case No. 25-CV-22156-D'ANGELO, ECF No. [1]. On June 2, 2024, the Honorable Ellen F. D'Angelo ordered Plaintiff to amend the Complaint, explaining that she failed to "identify any statute, treaty, or provision of the Constitution" that would form the basis for federal question jurisdiction and that the handwritten attachments to the Complaint were illegible and incomprehensible. *See* Case No. 25-CV-22156-D'ANGELO, ECF No. [5] at 1-2. This Order gave Plaintiff a detailed explanation as to why her Complaint failed to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. *Id.* Despite this Order, Plaintiff failed to file an Amended Complaint, even after

Judge D'Angelo gave her one additional opportunity to do so. *See* Case No. 25-CV-22156-D'ANGELO, ECF No. [8]. As a result of Plaintiff's failure to amend her pleading and comply with the Court's Orders, Judge D'Angelo dismissed her claims without prejudice. *See* Case No. 25-CV-22156-D'ANGELO, ECF No. [9].

Also on May 9, 2025, Plaintiff filed a Complaint against Henry Floyd and Sylvia Allens in which she failed to include any allegations to support her claims, which she identified as based on federal question jurisdiction. *See* Case No. 25-CV-22169-REID, ECF No. [1]. The Honorable Lisette M. Reid dismissed her claims without prejudice for failure to state a claim, noting that the Court "is having difficulty understanding what exactly Plaintiff alleges and to whom." *See* Case No. 25-CV-22156-REID, ECF No. [5].

Approximately one month later, Plaintiff filed four new lawsuits. Of these, two have been dismissed and two remain pending.[3] In one of the lawsuits, she sued Timothy Terry, again asserting federal question jurisdiction, making vague allegations as to "stolen check's credit card's." *See* Case No. 25-CV-22568-D'ANGELO, ECF No. [1]. Following her review of the Complaint, Judge D'Angelo ordered Plaintiff to amend, explaining that "it is unclear what claim Plaintiff is attempting to assert in this action" given that the Complaint does "not contain any factual allegations of causes of action." *See* Case No. 25-CV-22568-D'ANGELO, ECF No. [5]. Once again, Judge D'Angelo dismissed her claims without prejudice because Plaintiff failed to make any efforts to comply with the Court's orders or otherwise prosecute the case. *See* Case No. 25-CV-22156-D'ANGELO, ECF No. [8]. As to the other lawsuit Plaintiff filed in June — this one against the Department of Agriculture, Plaintiff was twice ordered to pay the filing fee and twice failed to do so, resulting in the Honorable Lauren F. Louis entering a Report and

---

[3] Plaintiff's Motion to Proceed In Forma Pauperis remains outstanding in the other two cases.

Recommendation recommending dismissal without prejudice, *see* Case No. 25-CV-22756-BLOOM, ECF No. [8], which the Honorable Beth Bloom adopted, *see* Case no. 25-CV-22156-BLOOM, ECF No. [9].

Plaintiff next filed a new round of Complaints in July 2025 — four in total — and another round in August — seven more in total. Suffering from the same pleading deficiencies as her prior lawsuits, those Complaints have since been dismissed or amendment has been ordered. *See* Case No. 25-CV-23137-TORRES, ECF No. [5] at 3 ("Here it appears that this Complaint is seeking some form of help that Defendant has not provided, however, this does not come close to presenting a plausible claim for which the Court has jurisdiction."); Case No. 25-CV-23138-RUIZ, ECF Nos. [8] and [9] (adopting report and recommendation that the Complaint be dismissed for failure to state a claim when Plaintiff failed to include any allegations to support her claims); Case No. 25-CV-23448-LOUIS, ECF No. [5] (requiring amendment and explaining "the Complaint does not state the basis for the Court's federal question jurisdiction, does not cite any cause of action, contains no factual allegations, and makes no demand for relief."); Case No. 25-CV-23449-D'ANGELO, ECF No. [4] (ordering Plaintiff to amend her Complaint for failure to "identify any statute, treaty, or provision of the Constitution" and failure to comply with Rules 8 and 10) and ECF No. [6] (dismissing claims without prejudice "for lack of prosecution" and failure to comply with the Court's orders); Case No. 25-CV-23490-REID, ECF No. [5] (finding that Plaintiff's Complaint "is due to be dismissed for failing to state anything in her Complaint" and explaining that "Plaintiff's Complaint only contains her name, contact information, and a checkmark indicating Plaintiff is bringing this suit under federal question jurisdiction. She writes nothing else.") (internal citations omitted); Case No. 25-CV-23491, ECF No. [4] (sua sponte striking the Complaint "for failure to comply with Federal Rule of Civil Procedure 8" as it "does not state a

claim, request relief, or detail any substantive information about the case."); Case No. 25-CV-23492-MARTINEZ, ECF No. [7] (adopting report and recommendation recommending that Plaintiff's Complaint be dismissed without prejudice when it was devoid of any allegations to support her claims against the defendant and noting this was the second occasion on which Plaintiff sued this defendant without including any allegations); Case No. 25-CV-23493-TORRES, ECF No. [5] (denying IFP relief because Plaintiff did "not allege[] any facts that would allow her to obtain any legal relief through this action"); Case No. 25-CV-23569-REID, ECF No. [7] (ordering Plaintiff to amend Complaint for failure to state a claim and warning Plaintiff "about becoming a restricted filer due to filing frivolous complaints"); Case No. 25-CV-23659-REID (ordering Plaintiff to amend given her "complete inability to present a Complaint with allegations, causes of actions, or relief" and warning Plaintiff "about becoming a restricted filer due to filing frivolous complaints.").

Undeterred by all the orders from various District Judges and Magistrate Judges in this District in which they carefully explained that Plaintiff cannot state a claim for relief or assert federal question jurisdiction without alleging facts to support those claims, the filings — containing the same deficiencies — have continued. She has since filed one lawsuit in September, *see* Case No. 25-CV-23946-LEIBOWITZ, ECF No. [6] (report and recommendation recommending that Plaintiff's claims be dismissed with prejudice and that she be deemed a vexatious filer and explaining that "Plaintiff is no stranger to this Court, having initiated approximately twenty actions within the last year. Each follow a similar pattern of legal and procedural deficiencies. The complaints uniformly lack coherent factual allegations, fail to articulate any cognizable theory of relief, and provide no plausible basis for the Court's jurisdiction."), and seven more lawsuits this month, including this case.

With this extensive filing history, the undersigned does not hesitate to conclude that Plaintiff is a vexatious filer. She has been repeatedly informed that her pleadings do not state a claim for relief. Yet she continues to file lawsuits without any allegations whatsoever and she even files repeat lawsuits against some of the same defendants, such as Betty Hobson (2 lawsuits), Sylvia Allens (2 lawsuits), the Florida Department of Agriculture (2 lawsuits), and Beyonce Knowles (2 lawsuits). Judge Reid repeatedly warned Plaintiff that her pattern of filings is vexatious and may subject her to a restricted filer status, but she did not get the message. Instead, Plaintiff has persisted in filing the same types of frivolous complaints that contain no basis for federal question jurisdiction nor any substantive allegations against the defendants she seeks to sue.

This Court has a responsibility "to protect itself against abuses by *pro se* litigants" and "to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." *Thomas*, 2022 WL 1100851, at *3 (citations omitted). Plaintiff does not have an unconditional or absolute right of access to the courts, *Miller*, 541 F. 3d at 1096, and she "does not have a First Amendment right to abuse official processes with baseless filings," *Riccard*, 307 F.3d at 1298. Because Plaintiff has abused the process, the undersigned recommends that she be deemed a vexatious filer and that a limited injunction be entered against her as set forth below.

### IV.   CONCLUSION

For the above reasons, I respectfully **RECOMMEND** that**:**

1. Plaintiff's Motion for Leave to Proceed *in forma pauperis*, **ECF No. [3]**, be **GRANTED**.

2. Plaintiff's *pro se* Complaint, **ECF No. [1]**, be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

3. The District Court designate Plaintiff a vexatious litigant and issue a limited injunction restricting Plaintiff from filing any further motion, pleading, or other paper in this action, or from filing another lawsuit without prior approval from the Court or unless such filings are signed by an attorney authorized to practice law before this Court.

Pursuant to Local Magistrate Rule 4(b), the parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the assigned United States District Judge. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report, except on grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers in Miami, Florida on December 16, 2025.

_____
**MARTY FULGUEIRA ELFENBEIN**
**UNITED STATES MAGISTRATE JUDGE**

cc:

Charmaine Floyd
1243 N.W. 100 Terrence
Miami, FL 33147
PRO SE